UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EDWIN GERARDO DAVILA MARTINEZ,

Petitioner,

v. Case No. 26-cv-1867-bhl

SHERIFF DALE J. SCHMIDT, et al.,

Respondents.

---

**ORDER DISMISSING HABEAS PETITION**

---

Edwin Gerardo Davila Martinez, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Dodge County Jail in Juneau, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (ECF No. 1.) The petition asserts two grounds for relief. First, Davila Martinez argues that he has been detained without a custody redetermination or bond hearing and second that "[n]o custody documents have been provided." (*Id.* at 10.) Davila Martinez also filed an emergency motion for immediate release or, in the alternative, prompt custody redetermination. (ECF No. 2.) On October 9, 2026, the Court ordered the respondents to respond, (ECF No. 6), and on October 13, 2026, the government filed an opposition to the petition for writ of habeas corpus, (ECF No. 7).

In its response, the government notes that on September 2, 2026, immigration officials executed an administrative arrest warrant on Davila Martinez, a Nicaraguan citizen who was already the subject of pending removal proceedings. (*Id.* at 1 (citing ECF No. 8 ¶¶2 & 3).) In the initial Notice to Appear issued to Davila Martinez, authorities alleged that he entered the United States without inspection or parole at or near El Paso, Texas on or about December 14, 2022. (ECF No. 8 ¶4, Ex. C.) Following his arrest, Davila Martinez was served with Form I-286 Notice of Custody Determination. (*Id.* ¶5, Ex. D.) This document provided that he was being held "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act[, 8 U.S.C. § 1226] . . ." *Id.* The government contends that Davila Martinez is eligible to request a custody redetermination hearing before the immigration court and his failure to do so is an inexcusable failure to exhaust administrative remedies. (ECF No. 7 at 1–2.)

On October 20, 2026, the Court set a briefing schedule on Davila Martinez's petition for writ of habeas corpus and directed that Davila Martinez file his brief in support of his petition by October 27, 2026. (ECF No. 10.) To date, Davila Martinez has failed to file a brief or any other document in support of his petition for writ of habeas corpus.

The Seventh Circuit in *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), held that a petitioner like Davila Martinez is an "applicant for admission" who is not "seeking admission" to the United States. *Id.* at 920. Davila Martinez's detention is, therefore, governed by 8 U.S.C. §1226, not 8 U.S.C. §1225(b)(2)(A), and he may seek a bond hearing in immigration court. *See id.* at 931. Based on the current record, he does not appear to have done so and nothing in the Court of Appeals' decision suggests that the immigration court's procedures concerning a detainee's request for bond were themselves improper or unenforceable. *Id.* at 917. Accordingly, Davila Martinez must make use of the immigration court's regulations allowing him to request a bond hearing, *see* 8 C.F.R. §1003.19(b), and exhaust his administrative remedies. *Kithongo v. Garland*, 33 F.4th 451, 457 (7th Cir. 2022) ("To exhaust an argument and thus avoid waiver, it must be 'actually argued' in the administrative proceedings." (quoting *Duarte-Salagosa v. Holder*, 775 F.3d 841, 846 (7th Cir. 2014)). The Court therefore will direct Davila Martinez to move for a bond hearing in immigration court and exhaust his administrative remedies. Pending his completion of those proceedings, which may very well resolve his current concerns, the Court will dismiss Davila Martinez's petition without prejudice.

Accordingly,

**IT IS HEREBY ORDERD** that Petitioner Davila Martinez is directed to exhaust his administrative remedies by requesting a bond hearing pursuant to 8 C.F.R. §1003.19(b).

**IT IS FURTHER ORDERED** that Petitioner's petition is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Emergency Motion for Immediate Release Or, In the Alternative, Prompt Custody Determination, ECF No. 2, is **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on November 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge